**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zounds Hearing Franchising, LLC, an Arizona limited liability company; and Zounds Hearing Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Edward T. Bower and Barbara Bower, husband and wife; and Lend Me Your Ears, Inc., an Ohio corporation;<br><br>Defendants. | No. CV-16-01462-PHX-NVW<br><br>(Consolidated)<br><br>**ORDER**<br><br>**[Re: No. CV-16-01462-PHX-NVW]** |
| Zounds Hearing Franchising, LLC, an Arizona limited liability company; and Zounds Hearing Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Frank R. Graziano and Mary E. Graziano, husband and wife; and FNM Enterprises, Inc., an Ohio corporation,<br><br>Defendants. | No. CV-16-01465-PHX-SRB |

| | |
|---|---|
| Zounds Hearing Franchising, LLC, an Arizona limited liability company; and Zounds Hearing Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Glenn Harbold, an individual; and Perfect Clarity LLC, an Ohio limited liability company,<br><br>Defendants. | No. CV-16-01467-PHX-NVW |
| Zounds Hearing Franchising, LLC, an Arizona limited liability company; and Zounds Hearing Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Lawrence R. Woerner and Nancy Woerner, husband and wife; Susan Steigerwald and David Steigerwald, husband and wife; Lawrence W. Woerner and Rosemarie Woerner, husband and wife; and WOCO Franchise LLC, an Ohio limited liability company,<br><br>Defendants. | No. CV-16-01470-PHX-DLR |

Before the Court is Defendants' Motion to Consolidate the four cases captioned above. (Doc. 16.) For the reasons that follow, the Motion will be granted.

## I.   BACKGROUND

Zounds Hearing, Inc. supplies Zounds-brand hearing aid devices. Zounds Hearing Franchising, LLC allows franchisees to operate hearing aid centers under the Zounds trade name. Both companies identify Arizona as their principal place of business. They will be individually and collectively referred to as "Zounds."

Zounds entered into franchise agreements with four Ohio companies and their owners: (1) Lend Me Your Ears, Inc., owned by Edward T. Bower and Barbara Bower, (2) FNM Enterprises, Inc., owned by Frank R. Graziano and Mary E. Graziano, (3) Perfect Clarity, LLC, owned by Glenn Harbold, and (4) WOCO Franchise, LLC, owned by Lawrence R. Woerner, Susan Steigerwald, and Lawrence W. Woerner. Each agreement allows the respective franchisee to operate hearing aid centers in Ohio under the Zounds trade name.

On May 11, 2016, the franchisees jointly brought a lawsuit against Zounds and other parties in Ohio state court. *Edward T. Bower, et al. v. Zounds Hearing Franchising, LLC, et al.*, Cuyahoga C.P. CV-16-863098. The lawsuit alleges, among other things, that Zounds violated Ohio law by failing to disclose certain information relevant to the franchise agreements. Accordingly, the franchisees seek to rescind the agreements and recover damages.

On May 12, Zounds responded to the Ohio lawsuit by filing four separate actions in this Court, captioned above. Each action corresponds to one of the four franchise agreements. All four actions rely on a clause present in all the agreements. The clause, according to Zounds, requires the franchisees to mediate their dispute with Zounds in Arizona before bringing a lawsuit. Accordingly, Zounds asks this Court for a judgment (1) declaring that mediation in Arizona is a condition precedent to the Ohio lawsuit and (2) staying or dismissing the Ohio lawsuit until such mediation occurs.

The franchisees move to consolidate the four actions filed by Zounds pursuant to Federal Rule of Civil Procedure 42(a). (Doc. 16.) Zounds opposes consolidation but does not object to the actions being decided by the same judge. (Doc. 18.)

**II.   ANALYSIS**

Rule 42(a) authorizes the Court to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Court has "broad discretion under this rule to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). In

1 determining whether to consolidate, the Court "weighs the saving of time and effort
2 consolidation would produce against any inconvenience, delay, or expense that it would
3 cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

4 Here, consolidation is appropriate. All four actions filed by Zounds share a
5 common factual background. In each, Zounds seeks declaratory judgment with respect to
6 franchisees who sued Zounds for failing to make disclosures required by Ohio law.

7 In addition, all four actions present the same legal issue: whether the mediation
8 clause in the franchise agreements requires the franchisees to mediate in Arizona before
9 initiating litigation. Moreover, the franchisees intend to move to dismiss all four actions
10 based on another common legal issue: whether the mediation clause should be interpreted
11 by the Ohio court instead of this Court because the Ohio lawsuit was filed first. Thus,
12 consolidating these actions would benefit the Court as well as the parties, without causing
13 any undue inconvenience, delay, or expense.

14 Zounds opposes consolidation for two reasons. First, Zounds says the parties
15 agreed not to consolidate, by way of a clause in the franchise agreements:

> THE PARTIES AGREE THAT . . . ANY PROCEEDING BETWEEN FRANCHISEE, FRANCHISEE'S GUARANTORS AND FRANCHISOR OR ITS AFFILIATES/OFFICERS/EMPLOYEES MAY NOT BE CONSOLIDATED WITH ANY OTHER PROCEEDING BETWEEN FRANCHISOR AND ANY OTHER THIRD PARTY.

But the Court's power to consolidate actions under Rule 42(a) depends on considerations of efficiency, not the parties' positions on the matter. Indeed, even if all parties opposed consolidation, the Court could do it anyway. *See In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977) ("A court may order the consolidation of cases despite the opposition of the parties."); *Midwest Cmty. Council, Inc. v. Chicago Park Dist.*, 98 F.R.D. 491, 500 (N.D. Ill. 1983) ("The fact that one or all of the parties object, or that the issue of consolidation is raised by the court *sua sponte*, is not dispositive."); *accord In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) (noting "trial courts may consolidate cases *sua sponte*").

Second, Zounds says consolidation would be prejudicial because the franchisees' claims in the Ohio lawsuit do not all arise out of the same factual situation. But that is irrelevant. The question is whether there is enough commonality among the actions *in this Court* to merit consolidation. As explained, the actions in this Court raise identical legal issues in materially identical factual contexts. Thus, consolidation is warranted.

IT IS THEREFORE ORDERED that Defendants' Motion to Consolidate (Doc. 16) is granted.

IT IS FURTHER ORDERED that case CV-16-01462-PHX-NVW is now consolidated with cases CV-16-01465-PHX-SRB, CV-01467-PHX-NVW, and CV-16-01470-DLR for all further proceedings pursuant to Federal Rule of Civil Procedure 42(a)(2). In accordance with LRCiv 42.1, all pleadings shall be filed in the lower-numbered case. Therefore, future pleadings pertaining to any of these actions shall be filed in CV-16-01462-PHX-NVW and all cases are now assigned to the undersigned. Every document filed shall state the case or cases to which it pertains as set forth in Attachment "A". The title page of these documents shall be prepared as shown above. Any documents for filing that do not conform to these instructions may be stricken.

Dated this 30th day of June, 2016.

Neil V. Wake
United States District Judge

# ATTACHMENT "A"

|   |   |
|---|---|
| Zounds Hearing Franchising, LLC, an Arizona limited liability company; and Zounds Hearing Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Edward T. Bower and Barbara Bower, husband and wife; and Lend Me Your Ears, Inc., an Ohio corporation;<br><br>Defendants. | No. CV-16-01462-PHX-NVW<br><br>(Consolidated)<br><br>**TITLE OF FILING**<br><br>**[Re:  No. CV-XX-XXXXX-PHX-NVW]** |
| Zounds Hearing Franchising, LLC, an Arizona limited liability company; and Zounds Hearing Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Frank R. Graziano and Mary E. Graziano, husband and wife; and FNM Enterprises, Inc., an Ohio corporation,<br><br>Defendants. | No. CV-16-01465-PHX-SRB |

| | |
|---|---|
| Zounds Hearing Franchising, LLC, an Arizona limited liability company; and Zounds Hearing Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Glenn Harbold, an individual; and Perfect Clarity LLC, an Ohio limited liability company,<br><br>Defendants. | No. CV-16-01467-PHX-NVW |
| Zounds Hearing Franchising, LLC, an Arizona limited liability company; and Zounds Hearing Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Lawrence R. Woerner and Nancy Woerner, husband and wife; Susan Steigerwald and David Steigerwald, husband and wife; Lawrence W. Woerner and Rosemarie Woerner, husband and wife; and WOCO Franchise LLC, an Ohio limited liability company,<br><br>Defendants. | No. CV-16-01470-PHX-DLR |

- 8 -