**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zounds Hearing Franchising, LLC, an Arizona limited liability company; and Zounds Hearing Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Edward T. Bower and Barbara Bower, husband and wife; and Lend Me Your Ears, Inc., an Ohio corporation;<br><br>Defendants. | **ORDER**<br><br>No. CV-16-01462-PHX-NVW<br><br>(Consolidated) |
| Zounds Hearing Franchising, LLC, an Arizona limited liability company; and Zounds Hearing Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Frank R. Graziano and Mary E. Graziano, husband and wife; and FNM Enterprises, Inc., an Ohio corporation,<br><br>Defendants. | No. CV-16-01465-PHX-NVW |
| Zounds Hearing Franchising, LLC, an Arizona limited liability company; and Zounds Hearing Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Glenn Harbold, an individual; and Perfect Clarity LLC, an Ohio limited liability company,<br><br>Defendants. | No. CV-16-01467-PHX-NVW |

| | |
|---|---|
| Zounds Hearing Franchising, LLC, an Arizona limited liability company; and Zounds Hearing Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Lawrence R. Woerner and Nancy Woerner, husband and wife; Susan Steigerwald and David Steigerwald, husband and wife; Lawrence W. Woerner and Rosemarie Woerner, husband and wife; and WOCO Franchise LLC, an Ohio limited liability company,<br><br>Defendants. | No. CV-16-01470-PHX-NVW |

Before the Court is Defendants' Motion for Attorneys' Fees (Doc. 60), the Response, and the Reply. The Court has previously determined that Defendants' fees will be awarded under Ariz. Rev. Stat. § 12-341.01(A) and Ohio Rev. Code § 1334.09(B)(2). Fees are awardable under the Arizona statute because the four failed Arizona actions were filed in Arizona, claiming to be under Arizona contract law. Fees are also awardable in the four Arizona actions under the Ohio statute because they were filed in violation of the Ohio statute, which prohibits lawsuits out of Ohio and non-Ohio choice-of-law clauses and permits a fee award for violation of the Ohio statute.

All the fees incurred in the four Arizona cases and in the Ohio case, except the fees incurred in the Ohio case before the Arizona cases were filed, are awardable in these Arizona cases because all the work was the same for all the cases, with one exception noted later. The only task remaining on this motion is the quantification of the fee award.

Unfortunately, both sides' briefs are burdened with erroneous and inapplicable assertions concerning attorney fee awards. The correct legal analysis concerning the fee award is as follows.

1. The basis for the award is the reasonable hours expended at the agreed hourly rates, assuming those rates are reasonable. Ariz. Rev. Stat. § 12-341.01(B) ("the award may not exceed the amount paid or agreed to be paid"); *Schweiger v. China Doll*

- 2 -

*Restaurant, Inc.,* 138 Ariz. 183, 187-88, 673 P.2d 927, 931-33 (Ariz. Ct. App. 2006) (the agreed hourly rate is presumptively the reasonable rate in commercial litigation). Nevertheless, Defendants seek an award above the agreed rates and even above the reasonable lodestar rate for the services, a multiplier on the lodestar value. That is because Defendants' counsel agreed to a mixed attorney fee based on a reduced hourly rate and a contingent fee as well. Under the Arizona statute the Court can award at most the agreed hourly rate for time reasonably expended. Moreover, the four Arizona cases did not produce a monetary recovery, so no contingent fee has been earned.

A monetary recovery may yet occur in the Ohio case, first transferred to Arizona and the transferred back to Ohio. That remains to be seen. If further proceedings do result in a monetary recovery to the Franchisees, the Ohio court will have to quantify and award later fees incurred in the Ohio proceedings, including any shifting of fees to Zounds based on the contingent fee portion of the recovery.

There is no authority on whether the Ohio statute allows a multiplier on lodestar value. If there is a monetary recovery and the Ohio court concludes a multiplier may be awarded under the Ohio statute, then the Ohio court may make such an award at that time, together with the additional hourly-rate fees incurred.

2. Defendants' counsel's discounted hourly rates are eminently reasonable. The services at the reduced rates are reasonable, and the times and fees as a whole are reasonable. Even at counsel's full regular hourly rate, the total fees would be reasonable. Contrary to Zounds' repeated assertions, this was not a simple case. Zounds fought hard to oust Ohio franchise law from protecting Ohio franchisees in Ohio franchises. Zounds' attack on the Ohio franchise law was bold and had to be met with full force.

3. Sometimes unidentified legal research can be ascertainable in the context of other described services. This case called for substantial legal research and it is inferable that the legal research was being done on the matters otherwise at hand. The amount expended on legal research was entirely reasonable, considering the nature of the issues and the magnitude of the cases.

4. Counsel who describe dissimilar services without adequate breakdown to determine what was done and whether it was reasonable run the risk that the court may reduce such services. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2001). But often quantity of the services can fairly be known from the similar services with which they are associated. For example, writing a response brief and legal research on the same need not be broken down to ascertain that the whole is reasonable. The admonition against block billing is not a game of gotcha, regardless of whether reasonableness can be determined. Here the Court has reviewed all Zounds' objections and concludes some of the so-called block billing is not block billing at all and, whether it is or not, the entries do not prevent determination of reasonableness.

5. In the Ohio litigation, the Franchisees sued additional defendants, the brokers who sold them the franchises. Those parties were among those transferred to Arizona. To the extent time was expended solely on negotiating settlements with those brokers, fees should not be awarded against Zounds. But work relevant to Zounds does not become unawardable because it also served the claims against the brokers. Therefore, 10.75 hours of Mr. Dub's time devoted solely to the brokers will be reduced from the award.

6. Fees incurred on unsuccessful legal theories and strategies should be awarded when the successful party has achieved the result sought in the litigation. *Schweiger,* 138 Ariz. at 189, 673 P.2d at 939. The Franchisees wholly prevailed on the points on which Zounds brought the Arizona lawsuits. The fees incurred in resisting the transfer of the Ohio case to Arizona have now been fully vindicated.

7. Zounds contends that some fees were excessive, redundant, or unreasonable. Some of those objections are based on miscounting of time. (Doc. 67 at 7-9.) Having examined the questioned time entries, the Court squarely rejects those contentions. The times expended were eminently reasonable. The Franchisees are not required to do perfunctory work when their businesses are put to life or death litigation.

The Court awards Defendants (the Franchisees) $42,000.00 in attorney's fees for Mr. Dub's services for 210 hours at the agreed rate of $200/hour. The Court awards $6,240.00 in attorney's fees for Mr. Greenfield's services of 41.6 hours at the agreed rate of $150/hour. Attorneys' expenses of $269.75 are also awarded under the Ohio statute. The total fee award is $48,509.75.

IT IS THEREFORE ORDERED that Defendants' Motion for Attorneys' Fees (Doc. 60) is granted in the amount of $48,509.75.

IT IS FURTHER ORDERED that the Clerk enter judgment **in favor of Defendants** Edward T. Bower and Barbara Bower, husband and wife; Lend Me Your Ears, Inc., an Ohio corporation; Lawrence R. Woerner and Nancy Woerner, husband and wife; Susan Steigerwald and David Steigerwald, husband and wife; Lawrence W. Woerner and Rosemarie Woerner, husband and wife; WOCO Franchise LLC, an Ohio limited liability company; Frank R. Graziano and Mary E. Graziano, husband and wife; FNM Enterprises, Inc., an Ohio corporation; Glenn Harbold, an individual; and Perfect Clarity LLC, an Ohio limited liability company, **against Plaintiffs** Zounds Hearing Franchising, LLC, an Arizona limited liability company; and Zounds Hearing Inc., a Delaware corporation, jointly and severally, **for $48,509.75,** plus interest thereon at the federal rate of 2.27% per annum until paid.

Dated: May 15, 2018.

_____
Neil V. Wake
Senior United States District Judge